Gregg S. Garfinkel (State Bar No. 156632)
Amy W. Lewis (State Bar No. 158999)
STONE | ROSENBLATT | CHA, PLC
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California 91367
Tel:   (818) 999-2232
Fax:  (818) 999-2269
Email: ggarfinkel@src.law.com/alewis@srclaw.com

Attorneys for Plaintiff
**UNITED VAN LINES, LLC**

FILED
2008 JUL -8 P 2: 23
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT -- SAN JOSE BRANCH

UNITED VAN LINES, LLC, a Limited Liability Company

        Plaintiff,

v.

ALAN NOPAR and DOES 1-10, Inclusive,

        Defendant.

Case No.: C08 03277 HRL

COMPLAINT FOR (1) BREACH OF CONTRACT FOR INTERSTATE TRANSPORTATION AND (2) MONIES DUE AND OWING FOR WORK, LABOR AND SERVICE (UNJUST ENRICHMENT)

BY FAX

TO DEFENDANT AND THEIR ATTORNEY OF RECORD:

    COMES NOW PLAINTIFF, UNITED VAN LINES, LLC., ("UVL"), and hereby files this Complaint against Defendant, Alan Nopar (hereinafter "Nopar"), and states as follows:

### JURISDICTION

    1.    This Court has original jurisdiction in this action by virtue of 28 U.S.C. §§ 1331 and 1337, as confirmed in Thurston Motor Lines v. Rand, 460 U.S. 583 (1983) and 28 U.S.C. § 1367. This action involves the collection of transportation charges for a shipment moving in interstate commerce, pursuant to the Interstate Commerce Act of 1995, 49 U.S.C. §§ 13702, 13706 and 14705.

/ / /

2. The matters complained of herein and the liability of Defendant arise from the interstate carriage of certain household goods from Lake Worth, Florida to Redwood City, California. Nopar is the consignee listed on the Bill of Lading issued by UVL for the subject move and is responsible for the payment of the tariff charges incurred for the services rendered by UVL.

**PARTIES**

3. UVL is a Missouri limited liability company with its principal place of business in Fenton, Missouri. UVL is a motor carrier of household goods and personal property by authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 et. seq.

4. Upon information and belief, Defendant, Nopar is an individual residing in Palo Alto, California.

**VENUE**

5. Venue is proper in the United States District Court, Northern District of the State of California, in that Defendant resides in this District and a substantial part of the events and omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391.

**FIRST CAUSE OF ACTION FOR BREACH OF INTERSTATE TRANSPORTATION CONTRACT AGAINST DEFENDANT**

6. UVL realleges and incorporates paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7. The matter complained of herein and the liability of Nopar is predicated, inter alia, upon the interstate transportation of property by UVL, pursuant to UVL's Interstate Bill of Lading No. 78-00573-6 and UVL's duly published tariffs incorporated therein by reference. 49 U.S.C. §§ 13702 and 13706.

8. On or about December 20, 2006, Nopar entered into and accepted a contract with UVL for the interstate shipment of his household goods and effects

from Lake Worth, Florida to Redwood City, California. UVL Interstate Bill of Lading and Freight Bill No. 78-00573-6 was issued when the shipment was tendered to UVL. Defendant Nopar is listed as the consignee on the Bill of Lading.

9. The total amount owing for the services rendered by UVL is $5,513.92.

10. The Bill of Lading set forth above expressly incorporates UVL's published tariffs.

11. The following terms are included in UVL's published tariffs and are also printed on the reverse side of the Bill of Lading entered into between UVL and Nopar:

> "The shipper, and/or consignor, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment of carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs or contract rate schedules including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment."

12. Further, the Bill of Lading also provides:

> "The extension of such credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges."

13. On or about December 20, 2006, Nopar tendered to UVL the subject household goods for transportation in interstate commerce.

///

14. On or about January 9, 2007, UVL delivered the subject goods to Nopar pursuant to the Bill of Lading issued for the subject transportation.

15. The transportation charges which remain unpaid and which are at issue are $5,513.92.

16. The transportation services rendered at the request, and for the benefit, of Nopar were performed in accordance with the Bill of Lading and UVL's tariff provisions incorporated therein.

17. Nopar was the actual and beneficial owner or legal possessor and consignee of the household goods and effects for which the interstate transportation services were provided by UVL, pursuant to the Bill of Lading and UVL's published tariffs incorporated therein by reference. In accordance with 49 U.S.C. §§ 13702 and 13706, UVL is obligated to collect, and Nopar is obligated to pay, the full applicable tariff charges due.

18. On or about January 9, 2007, Nopar accepted the household goods and effects delivered by UVL.

19. UVL has performed all the terms and conditions required by the Bill of Lading and there is due and owing the sum of at least $5,513.92 as unpaid tariff transportation charges.

20. Despite timely and repeated demand, Nopar has breached the Bill of Lading by failing and/or refusing to pay UVL the outstanding transportation charges. As such, Nopar is liable to UVL in the sum of $5,513.92 pursuant to the terms of the Bill of Lading and the Interstate Commerce Act of 1995, 49 U.S.C. §§ 13706 and 13707.

21. The unpaid amount owed is a liquidated amount which became due on a specified date; thus, UVL is entitled to pre-judgment interest at the legal rate of 9% per annum on such obligation from the date on which same became due through the date of judgment.

///

22. WHEREFORE, UVL prays the Court for judgment in its favor and against Nopar for actual damages in the amount of $5,513.92 as the evidence will show, together with interest at the legal rate of 9% per annum from the date due to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT
### AGAINST DEFENDANT

Plaintiff, for Count II of its Complaint against Defendant, states as follows:

23. UVL realleges and incorporates paragraphs 1-22 of the Complaint as if fully set forth herein.

24. For Nopar's benefit, UVL transported Nopar's household goods and effects in interstate commerce as outlined in the immediately preceding paragraphs. The services rendered by UVL will be referred to herein as "the subject transportation."

25. UVL rendered, for Nopar's benefit, work, labor, materials and services for which Nopar promised to pay the reasonable value thereof.

26. UVL has conferred a benefit upon Nopar by providing said transportation services as described above.

27. UVL, at the time it supplied Nopar with such services, had a reasonable expectation of being compensated therefore.

28. The services were conferred upon Nopar for his own benefit. If Nopar is allowed to retain these benefits, without compensating UVL therefore, Nopar will be unjustly enriched.

29. The reasonable value of the services performed by UVL for the benefit of Nopar is at least $5,513.92, none of which has been paid despite UVL's repeated requests for same.

30. The unpaid amounts owed are liquidated amounts which became due on a specified date; thus, UVL is entitled to pre-judgment interest at the legal rate

1  of 9% per annum on such obligation from the date on which its became due
2  through the date of judgment.
3      31.    WHEREFORE, UVL prays the Court for judgment in its favor and
4  against Nopar for actual damages in the amount of at least $5,513.92 as the
5  evidence will show, together with interest at the legal rate of 9% per annum from
6  the date of the invoice to the date of judgment, for the costs of this action, and for
7  such other and further relief as the Court deems just and proper.

9  DATED: July 3, 2008

STONE | ROSENBLATT | CHA
**A Professional Law Corporation**

By: *Amy W. Lewis*
GREGG S. GARFINKEL
AMY W. LEWIS
Attorneys for Plaintiff
UNITED VAN LINES, LLC

JS 44 (Rev. 11/04)                    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
UNITED VAN LINES, LLC, a Limited Liability Company

### DEFENDANTS
ALAN NOPAR and Does 1-10, Inclusive

**(b)** County of Residence of First Listed Plaintiff: Missouri
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Amy W. Lewis
STONE ROSENBLATT & CHA
21550 Oxnard Street, Suite 200
Woodland Hills, CA 91367
(818) 999-2232

Attorneys (If Known)

E-FILING    C08 03277 HRL    BY FAX

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | [X] 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth In Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 740 Railway Labor Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | 530 General | 790 Other Labor Litigation | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 550 Civil Rights | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 555 Prison Condition | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Breach of Contract for Interstate Transportation (49 U.S.C. Sec. 13702, 13706 and 14705)

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 5,514
- [X] CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE July 7, 2008    SIGNATURE OF ATTORNEY OF RECORD  Amy W. Lewis

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44